**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNIVERSITY HOSPITAL HEALTH SYSTEM, INC., ET AL.,** | ) ) ) | **CASE NO.1:09CV1192** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **BUILDING CONSTRUCTION LABORERS LOCAL UNION NO. 310** | ) ) ) | **ORDER** |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

On May 22, 2009, Plaintiffs' filed their Complaint with this Court seeking to vacate an arbitration award which determined a grievance was arbitrable under the Project Labor Agreement ("PLA"). On May 26, 2009, Plaintiffs filed a First Amended Complaint. On June 5, 2009, Plaintiffs filed a Motion for Temporary Restraining Order asking the Court to enjoin the arbitrator from proceeding with the June 9, 2009 arbitration hearing on the merits of the grievance. That same day, Defendant filed its Brief in Opposition to the Motion for Temporary Restraining Order. On June 8, 2009, Plaintiffs filed their Reply. On June 8, 2009, the Court held a hearing in chambers on Plaintiffs' Motion for Temporary Restraining Order and heard

1

arguments from counsel for Plaintiffs and counsel for Defendant and subsequently denied Plaintiffs' Motion.  However, in reviewing Plaintiffs' First Amended Complaint the Court had serious concerns over its subject matter jurisdiction to hear the claims presented.

The Court denied the TRO but has withheld a written opinion until the parties submitted cross briefs on the issue of the Court's subject matter jurisdiction.  The parties have fully briefed the issue and it is now ripe for ruling.

## The Allegations in the Complaint

Plaintiffs' First Amended Complaint states:

> This Court has jurisdiction under federal law, including but not limited to 29 U.S.C. § 185, because the present action seeks to vacate an arbitrator's decision purportedly issued pursuant to a Project Labor Agreement ("PLA") between UHHS and the Cleveland Building and Construction Trades Council (the "Council").

(First Amended Complaint pg. 2).

29 U.S.C. §185 is a portion of the Labor Management Relations Act ("LMRA") and reads in pertinent part at (a):

**Suits by and Against Labor Organizations:**

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The First Amended Complaint expressly states: "Neither Harting nor Local 310 are signatories to the PLA; rather, only UHHS and the Council are signatories to the PLA." (First Amended Complaint para. 18).  At paragraph 23 of the First Amended Complaint, Plaintiffs state that "...Local 310 is not a party to the PLA..."  This allegation is reiterated in paragraph 35 of the

2

First Amended Complaint which also states, "neither Local 310 nor Harting are signatories to the PLA, and thus, both lack standing to bring the Demand..."

As part of its Show Cause Order to the parties the Court's Order instructed the parties to discuss the following areas of concern:

1) Whether non signatories may be subject to the jurisdiction of the federal court under the LMRA.

2) Whether the PLA is "contract" for purposes of LMRA.

3) Whether the claims in Plaintiffs' First Amended Complaint constitute "violations of a contract between an employer and a labor organization".

**Non-Signatories as Parties under the LMRA**

Plaintiffs contend applicable Sixth Circuit case law expressly confers jurisdiction over non-signatories to labor contracts under the LMRA when the labor contract expressly imposes rights and duties of the non-signatory in the terms and conditions of the contract.  *Service, Hospital, Nursing Home and Public Employees Union Local No. 47, affiliated with the Service Employees International Union, AFL-CIO, CLC v. Commercial Property Services, Inc., et al.,* 755 F.2d 499 (6th Cir. 1985).  Here, Plaintiffs contend and Defendant agrees, that the PLA imposes obligations upon Defendant.  Defendant further argues it is a party to the PLA because the Cleveland Building and Construction Trades Council ("CBCTC"), a signatory to the PLA, represents 35 building trades unions including Defendant and the CBCTC signed the PLA on behalf of itself and its labor organization members.

The Court finds the PLA imposes obligations and duties upon Defendant, giving this Court jurisdiction under the LMRA to hear the claims.  For example, in paragraph 20 of the PLA

it states:

> Except as provided in paragraph 21 below, the Unions agree that there shall be no strikes (economic, unfair labor practice, sympathy or otherwise), slow downs, walkouts, boycotts, picketing (including informational), handbilling, or any other interference with efficient operations on the Covered Projects. Any Union that violates this contractual commitment shall be subject to appropriate injunctive relief in favor of UH pursuant to paragraph 23 hereof, and any employee who violates this contractual commitment shall be subject to immediate discharge.

Because Defendant is subject to provisions of the PLA, the Court finds it has jurisdiction over the parties in this suit under the LMRA.

**The PLA is "contract" for purposes of LMRA.**

Furthermore, pursuant to *Building and Construction Trades Council v. Associated Builders and Contractors of Mass/Rhode Island (Boston Harbor),* 507 U.S. 218 (1993), and other relevant Supreme Court case law, the Court finds that PLA's are labor contracts for purposes of LMRA jurisdiction. In *Retail Clerks Int'l Assoc., Local Unions Nos. 128 and 633 v. Lion Dry Goods, Inc.,* 369 U.S. 17, 28 (1962), the United States Supreme Court stated:

> "Contract in labor law is a term the implications of which must be determined from the connection in which it appears." *J.I. Case Co. v. National Labor Relations Board,* 321 U.S. 332, 334, 64 S.Ct. 576, 579, 88 L.Ed. 762. It is enough that this is clearly an agreement between employers and labor organizations significant to the maintenance of labor peace between them.

Because the PLA is undisputably an agreement between an employer and a labor organization that is significant to the maintenance of labor peace; specifically, it restricts strikes and lockouts; it is a contract under the LMRA.

**The Claims in Plaintiffs' First Amended Complaint constitute violations of a contract between an employer and a labor organization.**

Finally, the parties agree and the Court concurs that UHHS would be an employer under the definitions of "employer" in the LMRA, and Local 310 meets the definitions of a labor organization. Defendant has attached to its Show Cause brief a LM-2 form filed with the Department of Labor demonstrating CBCTC is a labor organization for purposes of LMRA jurisdiction as CBCTC was the signatory to the PLA.

Therefore, the Court finds it has subject matter jurisdiction to hear the claims in this suit.

IT IS SO ORDERED.

    S/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    United States District Judge

August 17, 2009