UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC., ET AL.,** | ) ) ) | **CASE NO.1:09CV1192** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) ) | |
| **BUILDING & CONSTRUCTION LABORERS LOCAL UNION NO. 310** | ) ) ) | **OPINION AND ORDER** |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Building & Construction Laborers Local Union No. 310's ("Local 310") Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF# 24). Defendant's Motion to Dismiss asks the Court to dismiss Plaintiff's First Amended Complaint as moot since a binding arbitration decision in Plaintiffs' favor has been rendered. For the following reasons, the Court denies, in part, and grants in part, Defendant's Motion.

Plaintiffs' First Amended Complaint requests the Court vacate an arbitrator's award that found a demand for arbitration, filed by Defendant, was arbitrable under a Project Labor Agreement ("PLA"). On December 1, 2007, University Hospitals Health Systems, Inc.,

1

("UHHS") and the Cleveland Building and Construction Trades Council ("Council") signed a PLA in conjunction with a massive construction project. The PLA's purpose, according to Plaintiffs, is "to aid UHHS in meeting certain societal, diversity, and regionalism goals." (TRO pg. 4). Plaintiffs also state the PLA serves to avoid labor disputes between the Council and contractors on UHHS' construction projects. According to Defendant, the purpose of the PLA is to prevent strikes and labor stoppages by members of the various unions employed by contractors on the UHHS construction projects, of which Local 310 union members are so employed. Plaintiff Gilbane Building Company is a construction management firm and is involved in the UHHS construction project.

Michael Harting, a laborer and member of Local 310, was employed by Rivera Construction, a subcontractor on the UHHS construction project. On or about February 2, 2009, Harting was terminated by UHHS and/or Gilbane for an alleged incident with a UHHS employee on the property of UHHS. On February 20, 2009, Local 310 filed a grievance and demand for expedited arbitration under paragraph 26 of the PLA, contending UH and/or Gilbane's actions violated paragraph 29 of the PLA in that UHHS and/or Gilbane usurped the role reserved for the contractor.

On March 24, 2009, UHHS/Gilbane moved to dismiss the grievance before the arbitrator on the grounds that the dispute was not arbitrable. A hearing on arbitrability was held on April 21, 2009, before the arbitrator. The arbitrator determined the grievance was arbitrable under the PLA and ordered a hearing on the merits to be held on May 29, 2009. That hearing date was moved to June 9, 2009.

On May 22, 2009, Plaintiffs' filed their Complaint with this Court seeking to vacate the

arbitration award which determined the grievance was arbitrable under the PLA. On May 26, 2009, Plaintiffs filed a First Amended Complaint and on June 2, 2009, Plaintiffs filed a Motion to Stay Arbitration Hearing and Motion for Preliminary Injunction. On June 5, 2009, Plaintiffs filed a Motion for Temporary Restraining Order, asking the Court to enjoin the arbitrator from proceeding with the June 9, 2009 arbitration hearing on the merits of the grievance. That same day Defendant filed its Brief in Opposition to the Motion for Temporary Restraining Order and on June 8, 2009, Plaintiffs filed their Reply. On June 8, 2009, the Court held a hearing in chambers on Plaintiffs' Motion for Temporary Restraining Order and heard arguments from counsel for Plaintiffs and counsel for Defendant. However, in reviewing Plaintiffs' First Amended Complaint the Court had serious concerns over its subject matter jurisdiction to hear the claims presented.

The Court denied the TRO but withheld a written opinion until the Court determined its own subject matter jurisdiction to hear the claims presented in Plaintiffs' Complaint. Meanwhile the arbitration proceeds on the merits. After briefing by the parties, on August 17, 2009, the Court issued its Opinion and Order, finding it had subject matter jurisdiction to hear the claims. On August 31, 2009, the arbitrator issued its decision, finding for the Plaintiff in the underlying matter. Then, at a case management conference on September 30, 2009, the Defendants raised an additional subject matter jurisdiction issue, contending that Plaintiff's Complaint was now moot pursuant to the final, binding decision rendered by the arbitration panel. The Court Ordered the parties to submit the issue on briefs. On October 13, 2009, Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction. That Motion is now fully briefed and ripe for ruling.

## **LAW AND ANALYSIS**

**Standard of Review**

Federal District Courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006), slip copy; *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry* v. *U.S. Bulk Transport, Inc.,* 462 F.3d 536, 540 (6th Cir. 2006), *citing Owens v. Brock*, 860 F. 2d 1363, 1367 (6th Cir. 1988). The burden rests upon the Plaintiff to establish affirmatively that this Court possesses subject matter jurisdiction over the case or controversy. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942).

As the United States Supreme Court declared in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994):

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp*., 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed.702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80

L.Ed. 1135 (1936).

Even if a party does not bring the issue to a court's attention, "Article III courts have an independent obligation to determine whether subject matter jurisdiction exists." *Airline Professionals Association of Intern. Broth. of Teamsters, Local Union No. 1224, AFL-CIO v. Airborne, Inc.*, 332 F. 3d 983, 986 (6th Cir. 2003) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

**Mootness**

In its Opinion and Order of August 17, 2009, the Court found that it had subject matter jurisdiction over the claims in Plaintiffs' First Amended Complaint pursuant to 29 U.S.C. §185. As stated in Plaintiffs' First Amended Complaint:

> This Court has jurisdiction under federal law, including but not limited to 29 U.S.C. § 185, because the present action seeks to vacate an arbitrator's decision purportedly issued pursuant to a Project Labor Agreement ("PLA") between UHHS and the Cleveland Building and Construction Trades Council (the "Council").

(First Amended Complaint pg. 2).

29 U.S.C. §185 is a portion of the Labor Management Relations Act and reads in pertinent part at (a):

> **Suits by and Against Labor Organizations:**
>
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

However, Defendant argues that the dispute before the Court has been rendered moot by the arbitrator's decision on the merits of the demand. The Sixth Circuit has held, "mootness is a

jurisdictional question." *International Union United Automobile, Aerospace Agricultural and Implement Workers of America v. Dana Corporation,* 697 F.2d 718, 720 (6th Cir. 1983). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). "Jurisdiction, even if once acquired, may abate if interim relief or events resolve all issues in the litigation." *Dana Corp.*, at 721. "A case becomes moot when subsequent events make it absolutely clear that the effects of the alleged violation have been completely eradicated, and the allegedly wrongful behavior cannot reasonably be expected to reoccur." *Katter v. Ohio Employment Relations Board,* 492 F. Supp.2d 851, 857 (S.D. Ohio 2007).

Because Plaintiffs and Defendant are bound by the decision of the arbitrator and that decision has not been challenged, the Defendant contends there is no longer a live case or controversy before the Court. Defendant relies on *Great Western Sugar Co. V. Nelson,* 442 U.S. 92 (1979), wherein the United States Supreme Court confirmed that when an appeal of a decision by a district court that an issue was arbitrable is pending in the appellate court and a decision on the merits of the arbitration by an arbitrator is rendered during the pendency of appeal, the issue of arbitrability is moot.

Plaintiffs contend the issue is not moot, citing *Morrison v. Circuit City Stores, Inc.,* 317 F.3d 646 (6th Cir. 2003)(en banc). In *Morrison,* a former employee of the defendant filed suit against the employer for race and sex discrimination. The district court ordered the claims to arbitration pursuant to an arbitration agreement and dismissed the claims. The Sixth Circuit held that the arbitration did not render the action moot because the appellate court could still find the arbitration agreement unenforceable and finding the arbitration should never have taken place,

6

thus affording the employee effectual relief.

The Court finds the pending case is a live case or controversy still. Federal law is clear that it is for the court and not an arbitrator to decide whether a matter is subject to arbitration under an arbitration clause. "District courts have the authority to decide, as a threshold matter, whether an issue is within the scope of an arbitration agreement." *Fazio v. Lehman Bros., Inc.,* 340 F.3d 386, 395 (6th Cir., 2003). "We are, however, aware of the Supreme Court's warning against 'forc[ing] unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide.'" *Id.* quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). As the Supreme Court has definitively stated, "the question of arbitrability-whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination." *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986).

Plaintiffs' First Amended Complaint, at Count One, asks the Court to vacate the determination by the arbitrator that the demand by Local 310 was arbitrable. Since the Court has not rendered a decision on the arbitrability of the demand, that issue is still a live controversy before the Court, regardless of the decision on the underlying dispute. It is this aspect of the case that distinguishes it from *Great Western*, wherein the district court had ruled an action was arbitrable and dismissed the case. Here, the arbitrator issued a decision finding the dispute arbitrable and the Plaintiffs filed their Complaint asking the Court to vacate the arbitrator's holding. Until the Court renders a decision on arbitrability there is a live case or controversy. Furthermore, Plaintiffs' First Amended Complaint seeks fees and costs it incurred as a result of pursuing this litigation. A finding by the Court that this action is moot would further deprive

7

Plaintiffs' of a legal right to pursue those fees and costs.

However, Count Two of Plaintiffs' First Amended Complaint asking the Court to stay or enjoin the arbitration hearing is moot since the arbitration has already occurred. Accordingly, Plaintiffs' Motion to Stay Arbitration Hearing and/or Motion for a Preliminary Injunction (ECF# 6) is also denied as moot.

Therefore, for the foregoing reasons, the Court denies, in part, and grants in part, Defendant's Motion to Dismiss. The Court will entertain motions for judgment on the pleadings within thirty days of the date of this opinion.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

March 4, 2010